UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-07-46-B-W |
| | ) | |
| ABRAHAM GALLARDO PAREDES | ) | |
| a/k/a JUAN LORENZO HERNANDEZ | ) | |
| LOPEZ | ) | |

**SENTENCING ORDER**

On March 25, 2008, Abraham Parades came before the Court for sentencing for aggravated identity fraud, a violation of 18 U.S.C. § 1028A. This statute mandates a minimum term of incarceration of two years. Shortly before sentencing, the Government filed a § 5K1.1 motion, which allows the imposition of a sentence less than the statutory minimum. 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1. The statute provides that upon motion of the Government, a court has the authority to impose a sentence below a level established by statute as a minimum sentence "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person . . . ." 18 U.S.C. § 3553(e).

At the sentencing hearing the Defendant urged the Court to impose a time served sentence based on the factors enumerated in § 5K1.1, and additional factors. The Court questioned whether it had the authority to consider factors beyond those set forth in § 5K1.1 and continued the sentencing hearing to allow the parties to research the issue. After reviewing the law, the parties agree that any departure below a minimum mandatory sentence pursuant to § 3553(e) must be based on § 5K1.1 factors. *Def. Abraham Gallardo Paredes' Mem. in Aid of Sentencing* (Docket # 50); *Government's Mem. in Aid of Sentencing* (Docket # 51). In the words of the First Circuit, the Court "has discretion to sentence below that minimum in a manner that

reflects the nature and extent of the substantial assistance . . . no more, no less." *United States v. Ahlers*, 305 F.3d 54, 60 (1st Cir. 2002); *see United States v. Chestna*, 962 F.2d 103, 106-07 (1st Cir. 1992).

      The Court agrees. In their memoranda, the parties address what the sentence should be in view of the § 5K1.1 factors. The Court has reviewed those arguments, but will reserve its sentencing decision until the rescheduled sentencing hearing.

      SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of May, 2008